578 A.2d 300

**Robert Paul BRACKINS**

v.

**STATE of Maryland.**

**No. 1648, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

Aug. 31, 1990.

158

Lawrence P. Pinno, Jr., Bel Air, for appellant.

M. Jennifer Landis, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Joseph I. Cassily, State's Atty., for Harford County, Bel Air, on brief), for appellee.

Submitted before GILBERT, C.J., and WILNER and GARRITY, JJ.

GILBERT, Chief Judge.

The overriding question presented by this appeal is what is meant by the use of the word "exploitation" within the ambit of the child abuse statute, Md.Ann.Code art. 27, § 35A(a)(4)(i).

The facts of this case are simple. Robert Paul Brackins is married to the mother of the then twelve-year-old victim.

On the date of the alleged offense, Brackins was at home with the child. The mother was at work. Mrs. Brackins testified that Mr. Brackins lived at the same residence as the victim, and that Mr. Brackins was responsible for the care of the victim while she worked. Mrs. Brackins also told the trial judge that her husband was the only male present in the household or, for that matter, the only other person present when the abuse occurred.

At a non-jury trial in the Circuit Court for Harford County (Carr, J.), Brackins was convicted of child abuse. He was sentenced to three years imprisonment. That sentence was suspended, and he was placed on five years supervised probation.

We shall discuss the three issues raised in this Court by Brackins, although not necessarily in the order posited to us by him. We shall supply any necessary additional facts.

## I.

"Did the Trial Court err in determining that there was sufficient evidence to support a finding of sexual exploitation of the child?"

■ The evidence disclosed that Brackins requested the victim, a twelve-year-old female, to unbutton her blouse and expose her breasts to him in order for him to take a semi-nude Polaroid snapshot of her. When she refused to do so, Brackins "did it for her." After taking the photograph, Brackins, by his own admission, discarded it approximately 30 seconds later.

Appellant argues that "[t]he only act ... upon which the conviction can rest is his looking at the partially exposed body of this girl. The photograph is merely evidence of his having looked." Of course the photograph is clear, positive evidence that he exposed her breasts for his own gratification, amusement, or interest.

■ Maryland Ann.Code art. 27, § 35A(a)(4)(i) defines "sexual child abuse" to mean "any act that involves sexual

molestation or exploitation of a child by a parent or other person who has permanent or temporary care or custody or responsibility for supervision of a child." Physical injury need not be shown in order to prove sexual abuse. *Runge v. State*, 78 Md.App. 23, 552 A.2d 560, *reversed on other grounds, State v. Runge*, 317 Md. 613, 566 A.2d 88 (1989).

The Legislature, in enacting child abuse statutes, recognizes society's interest in protecting the privacy, health, and emotional and psychological welfare of its children. Exploitation of children, through child pornography or sexual molestation and abuse, victimizes the children and possibly causes future psychological harm. *See New York v. Ferber*, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982); *Ex Parte Felton*, 526 So.2d 638 (1988); *The People v. Green*, 94 Cal.App.3rd Supp. 1, 156 Cal.Rptr. 713 (1979); *Florida v. Beckman*, 547 So.2d 210 (1989); *Ohio v. Meadows*, 28 Ohio St.3d 43, 503 N.E.2d 697 (1986); *Pennsylvania v. Ludwig*, 366 Pa.Super. 361, 531 A.2d 459 (1987).

The word "exploitation" is defined as:

"To take advantage of.... To make use of meanly or unjustly for one's own advantage or profit.... Unjust or improper use of another person for one's own profit or advantage." *Webster's Third New International Dictionary, 1976 Edition.*

"To make use of.... To make unethical use of for one's own advantage or profit." *Webster's New World Dictionary, Third College Edition* (1988).

"Taking unjust advantage of another for one's own advantage or benefit." *Black's Law Dictionary* (5th Ed., 1979).

"The utilization of another person for selfish purposes.... To employ to the greatest possible advantage (exploit).... To make use of selfishly or unethically." *The American Heritage Dictionary of the English Language* (1969).

Brackins maintains that there was no indication that any advantage was taken of the victim *after* the picture was

taken or that she was threatened or coerced as a result of the existence of the photograph. Brackins seems to reason that because he discarded the photograph within a few seconds of his having taken it he did not "exploit" the child. What Brackins apparently fails to comprehend is that he "exploited" the child when he partially disrobed her for his own pleasure or amusement or gratification or interest. The Polaroid snapshot was not a necessary element of the exploitation although it was damning evidence of the act of exploitation.

■ To be convicted of exploitation and, therefore, child abuse, threats, coercion, or subsequent use of the fruits of the acts are not necessary. The State need only prove, beyond a reasonable doubt, that the parent or person having temporary or permanent custody of a child took advantage of or unjustly or improperly used the child for his or her *own* benefit. That is what the State proved in the instant case. Hence, the evidence was sufficient to sustain the charge.

## II.

"Did the Trial Court err in not rendering a verdict upon the facts and the law as required by Rule 4–328?"

■ Brackins argues that Judge Carr erred in not handing down a verdict upon the facts and the law. Specifically, Brackins asserts that Judge Carr sentenced him without having considered the evidence and determining guilt beyond a reasonable doubt. Brackins is mistaken.

Maryland Rule 4–328 provides: "The District Court or a circuit court sitting without a jury shall render a verdict upon the facts and the law. Although not required, the court may state the grounds for its decision either in open court or by written memorandum."

The Court of Appeals, in *Pugh v. State*, 271 Md. 701, 319 A.2d 542 (1974), determined that Rule 4–238 (then Md.Rule 742) is satisfied when the trial court makes a deliberate

pronouncement of "guilty" or "not guilty." *Pugh,* 271 Md. at 707, 319 A.2d 542.

A review of the record in the instant case discloses that Judge Carr found Brackins guilty of violating Md.Ann.Code art. 27, § 35A, child abuse. The judge said:

"I think there's sufficient testimony to find the Defendant guilty of child abuse under Article 27, § 35A, sufficient evidence to find child abuse. I have trouble with the battery as the case may be. I don't know what to do with that. *I've already found him guilty of 35A.* I'm going to reserve.—I'm going to hold off on making an actual finding in this case. In other words, *in finding that there's sufficient evidence to find the Defendant guilty beyond a reasonable doubt of Article 27, Section 35A.* I'm going to defer the entry of that finding pending the results of a presentence investigation." (Emphasis supplied.)

The court pronounced its verdict of guilty with regard to child abuse. That verdict, as we have previously stated, was based upon evidence establishing guilt beyond a reasonable doubt.

Although it might have been more artfully expressed, Judge Carr nevertheless was endeavoring to say that he was reserving ruling on the battery count of the indictment and the imposition of sentence on the child abuse count. As it developed, there was no verdict ever entered on the battery. The sentence, however, was properly imposed on the child abuse conviction.

### III.

"Did the Trial Court err in determining that there was sufficient evidence to find that the Defendant was a person who had permanent or temporary care or custody or responsibility for supervision of the child?"

Brackins argues that Judge Carr erred in determining that there was sufficient evidence to find that appellant

was a person who had permanent or temporary care or custody or responsibility for supervision of the child.

Maryland Ann.Code art. 27, § 35A(b) provides: "A parent or other person who has permanent or temporary care or custody or responsibility for the supervision of a child who causes abuse to the child is guilty of a felony and on conviction is subject to imprisonment in the penitentiary not exceeding 15 years."

The elements of the offenses are: (1) that an individual under the age of 18 years (2) sustained physical injury, inhumane treatment, or sexual abuse (3) at the hands of a parent or someone responsible for care, custody, or supervision of the victim. *Nightingale v. State,* 312 Md. 699, 542 A.2d 373 (1988). Brackins contends that the State failed to demonstrate that he was a parent or someone responsible for care, custody, or supervision.

■ For Brackins to be correct, the trial judge would have had to disbelieve the child's mother who, as we have seen, testified that she was married to Brackins; and that she, he, and the victim all lived in the same residence. She related to the court that Brackins was responsible for the care of the children, including the victim, while she was working. That evidence was sufficient to satisfy the care, custody and responsibility elements of the offense. The test we apply in reviewing sufficiency of the evidence is whether, after viewing it in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1972); *Wildberger v. State,* 74 Md.App. 107, 110, 536 A.2d 718 (1988).

Indubitably, the evidence was sufficient to prove that Brackins exploited the victim and was guilty of child abuse of his stepdaughter.[1]

---

1. Although there seemed to be some question at trial as to whether Brackins was the stepfather of the victim, that question is easily

JUDGMENT AFFIRMED.
COSTS TO BE PAID BY APPELLANT.

answered.  A stepfather is "[t]he husband of one's mother by virtue of a marriage subsequent to that of which the person spoken of is the off spring." *Black's Law Dictionary, supra.*