Dear Mr. Dean:
You have requested our opinion whether a teacher who has sexual contact with a student after school hours and off the school premises may be considered a person with "permanent or temporary custody or responsibility for supervision" of the student and thus may be charged with child abuse under Article 27, § 35C of the Maryland Code.
Our opinion is as follows: Article 27, § 35C applies, even after school hours or off the school premises, to a teacher who has "custody or responsibility for supervision of the child." A teacher may be considered responsible for the supervision of the student, and therefore subject to Article 27, § 35C, if the teacher is with the student in connection with an activity related to the school's academic extra-curricular program or otherwise as a result of permission from the child's parents for the child to accompany the teacher. Article 27, § 35C does not apply, however, if the teacher is with the student under circumstances unrelated to school programs or parental permission. In other words, as § 35C is currently drafted and applied by the courts, the fact that a teacher is with a student is alone insufficient to satisfy the "custody or . . . supervision" component of the child abuse law. The General Assembly should reexamine the adequacy of current law.
 I Background
In 1993, the State's Attorney for Montgomery County brought child sex abuse charges against a middle school teacher who had weekly sexual contact with a fourteen-year-old student of his after school hours at a park or shopping center near the school. At trial, the court dismissed the child abuse charge after the prosecution rested its case. The court ruled that the State had failed to prove a key element of the charge — that the teacher had "permanent or temporary custody or responsibility for supervision of the child." Since the dismissal of charges in that case, prosecutors and police have been hesitant about charging school teachers and counselors under similar circumstances.
 II Statutory Text
Article 27, § 35C provides that child abuse — either physical or sexual — is a felony. Sexual abuse means "any act that involves sexual molestation or exploitation of a child by a parent or other person who has permanent or temporary care or custody or responsibility for supervision of a child, or by any household or family member." Article 27, § 35C(a)(6)(i). Sexual abuse includes incest, rape, or sexual offense in any degree; sodomy; and unnatural or perverted sexual practices. Article 27, § 35C(a)(6)(ii).
The criminal prohibition itself is phrased as follows: "A parent or other person who has permanent or temporary care or custody or responsibility for the supervision of a child or a household or family member who causes abuse to a child is guilty of a felony. . . ." § 35C(b)(1). Unless the teacher is related to the child "by blood, adoption, or marriage" or "lives with or is a regular presence in a home of a child at the time of the alleged abuse," the teacher cannot be charged under the statute as a "family member" or "household member," respectively. § 35C(a)(4) and (5). Instead, the teacher must be found to be a "person who has permanent or temporary care or custody or responsibility for the supervision" of the abused child.
 III Evolution of Article 27, § 35C
The child abuse statute, as originally enacted in 1963, included only physical abuse; it provided that a "parent, adoptive parent or other person who has the permanent or temporary care or custody of a minor child under the age of fourteen years who maliciously beats, strikes, or otherwise mistreats such minor child to such degree as to require medical treatment for such child" was guilty of the crime of assault on a child. Chapter 743, Laws of Maryland 1963. In 1966, the statute was amended to raise the age of the child to sixteen and to include a person who has "responsibility for the supervision" of the child. Chapter 221 of the Laws of Maryland 1966. No legislative history is available to aid us in determining the legislative objective underlying this expansion of the statute's scope.
In 1970, the statute was recodified at Article 27, § 35A and the crime was renamed "child abuse." Chapter 500, Laws of Maryland 1970. Three years later, the definition of child abuse was amended to delete the "medical treatment" requirement and to include children up to the age of eighteen. Chapter 835, Laws of Maryland 1973. The statute made clear, however, that child abuse included only "physical injury or injuries." Id.
It was not until 1974 that Article 27, § 35A was amended to include sexual abuse. See Chapter 554, Laws of Maryland 1974. Sexual abuse was defined as "any act or acts involving sexual molestation or exploitation, including but not limited to incest, rape, carnal knowledge, sodomy or unnatural or perverted sexual practices" on a child. Id. As was true of physical abuse, however, the criminal sanction was limited to "any parent, adoptive parent or other person who has the permanent or temporary care or custody or responsibility for supervision of a minor child."
This definition of sexual abuse remained substantially unchanged until 1991 when it was expanded to include "any household or family member." Chapter 184, Laws of Maryland 1991. In 1994, the child abuse statute was recodified without substantive change at Article 27, § 35C, where it remains today.See Chapter 712, Laws of Maryland 1994, Section 1.
 IV Case Law Applying Article 27, § 35C
In a line of cases interpreting Article 27, § 35C and its predecessors, the Maryland appellate courts have described the factors to be considered in determining whether an individual is within the class of persons who can be charged with the crime of child abuse. Of particular relevance is Pope v. State,284 Md. 309, 396 A.2d 1054 (1979). Pope resulted from the death of a three-month-old baby as a result of physical injuries inflicted by his mother, who suffered from severe mental illness. The abuse occurred over a period of several hours while in the home and presence of a church acquaintance, Mrs. Pope, who was later charged with child abuse.
On appeal from her conviction, the Court of Appeals determined that Pope's failure either to try to prevent the numerous acts of abuse by the child's mother or to seek medical assistance for the child constituted "cruel and inhumane treatment within the meaning of the statute." Pope v. State,284 Md. at 329. Nonetheless, the Court reversed the child abuse conviction, because Pope was not within the class of persons to whom then Article 27, § 35A applied. Pope v. State, 284 Md. at 330.
In making this determination, the Court first defined a person who stands in loco parentis as a person who "means to put himself in the situation of the lawful [parent] of the child with reference to the [parent's] office and duty of making provision for the child." 284 Md. at 322. The Court also found that a person could have "responsibility for supervision" of a child under Article 27, § 35A, even without a judicial decree, upon the "mutual consent, expressed or implied, by the one legally charged with the care of the child and by the one assuming the responsibility." Id. (emphasis added).
The Court cited the example of a parent who grants temporary responsibility for the supervision of a child to a babysitter, a responsibility accepted by the babysitter. Of particular relevance here, the Court also explained that "it is by mutual consent that a school teacher has responsibility for the supervision of children in connection with his academic duties."Pope v. State, 284 Md. at 323. As to Mrs. Pope, however, the Court found that the evidence was insufficient to show that Pope and the child's mother had mutually agreed to transfer "responsibility for supervision" of the child to Mrs. Pope. Accordingly, the Court held that Pope was not within the class of persons to whom the child abuse statute applied and reversed her conviction. 284 Md. at 330.
This mutual consent requirement, found to be implicit in the statute, has been repeatedly applied. For example, in Newman v.State, 65 Md. App. 85, 499 A.2d 492 (1985), a mother hired a thirteen-year-old girl to babysit her child. The mother's boyfriend, who transported the babysitter to and from babysitting jobs, sexually assaulted the babysitter. The Court of Special Appeals affirmed the child abuse conviction of the boyfriend under the "responsible for supervision" provision of then Article 27, § 35A, based on evidence that the boyfriend paid for and transported the victim in his car to and from babysitting job and the testimony of the victim's mother that he "was to insure her [child's] safety to and from the house." Other examples includeTapscott v. State, 106 Md. App. 109, 664 A.2d 42 (1995), holding that a child's half-uncle could be found "responsible for supervision" under child abuse statute because the evidence showed that the child's mother had entrusted him with the child's care on numerous occasions, the child's mother considered him to be child's supervisor whenever he and child were together, and the half-uncle accepted responsibility for the child's supervision by agreeing to pick the child up after work and spend the night at his house; Zaal v. State, 85 Md. App. 430, 584 A.2d 119 (1991),rev'd on other grounds, 326 Md. 54 (1992), holding that a jury could reasonably infer that the victim's mother impliedly agreed to give "responsibility for supervision" to the grandfather when she gave permission for the child to accompany grandfather and he took child from the home; and Brackins v. State, 84 Md. App. 157,578 A.2d 300 (1990), holding that a stepfather could be charged with exploitation under the child abuse statute because the evidence showed that he was married to the victim's mother, resided in the same home, and was responsible for the victim's care while the mother was working.
 V Application to Present Question
Under Article 27, § 35C, a teacher can be charged with criminal child abuse if the teacher has sexual contact with the child at any time during school hours, or in cases where a child is kept after school for detention or make-up work. Under these circumstances, the parent has impliedly consented to transfer "responsibility for supervision" of the child to the teacher and the teacher has accepted that responsibility "in connection with [the teacher's] academic duties." Pope v. State, 284 Md. at 323. It is immaterial whether the abuse occurs on or off the school premises.
A teacher may also be held "responsible for supervision" if the parent gives the child permission to stay after school for an extracurricular activity. This responsibility would exist, for example, when a child has permission to participate in an after-school program, such as a school-sponsored sport or club either on or off the school campus. Or, it could also exist when the parent consents to the child's accompanying the teacher off school premises. In all these situations, a jury could find, at the least, an implicit mutual agreement to transfer "responsibility for supervision" to the teacher and the teacher's acceptance of it. See Newman v. State, 65 Md. App. 85 (1985) (whether person was responsible for supervision is a question of fact for the factfinder).
On the other hand, if the child, without the parent's permission, accompanies a teacher to an off-campus activity, this liaison does not occur "in connection with [the teacher's] academic duties." Pope, 284 Md. at 323. Cf. Becerra v. Asher,105 F.3d 1042, 1047 (5th Cir. 1997) ("no real nexus" between sexual activity at student's home and "the teacher's duties and obligations as a teacher") (internal quotation marks omitted). Nor is there a mutual agreement — either express or implied between the parent and the teacher to transfer "responsibility for supervision" of the child to the teacher. Id. Thus, if the teacher engages in sexual activity with the child during this period, the teacher could not be charged with child abuse under Article 27, § 35C.
Of course, Article 27, § 35C may not be the only relevant criminal offense. Depending on the facts, a teacher could potentially be charged with one of the sexual offenses set forth elsewhere in Article 27. See, e.g., Article 27, § 464B(a)(4) and (5) (sexual acts or vaginal intercourse with a 14 or 15-year-old child by someone 21 or older is a third degree sexual offense.) If, however, these provisions do not adequately address the problem of sexual exploitation of a student by a teacher, the General Assembly should consider amending either the sexual offense statutes or the child abuse statute.
 VI Conclusion
A teacher who has sexual contact with a student on or off campus during school hours, or after school if the child is kept for detention or other academic-related activities, can be found guilty of child abuse under Article 27, § 35C as a person who has "responsibility for supervision" of the child. Similarly, if a parent gives permission for the child to participate in an after-school activity sponsored by the school, either on or off school premises, the teacher may be held "responsible for supervision" of the child.
By contrast, the teacher may not be found "responsible for supervision" if the teacher meets with the child after school hours or off campus for activities unrelated to academic or other school-sanctioned purposes, the parent has not given permission for the child to be with the teacher, and the teacher has sexual contact with the child. Under these circumstances, the teacher may not be charged with child abuse under pursuant to Article 27, § 35C.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Jack Schwartz Chief Counsel Opinions Advice*
* Former Assistant Attorney General Donna R. Heller contributed substantially to the preparation of this opinion.
 *Page 65