Dear Robert B. Riddle,
You have requested our opinion concerning the meaning of "sexual molestation or exploitation" as that phrase appears in the definition of "sexual abuse" in the criminal statute prohibiting child abuse. Specifically, you ask whether a stepparent who engages in consensual sexual intercourse with a 16-year old stepchild commits child abuse within the meaning of the statute. You also ask whether there must be an additional showing that the child's welfare was endangered to establish the crime.
In our opinion, a stepparent who has sexual intercourse with a minor stepchild commits child abuse, regardless of whether the minor consents to the sexual relationship or whether there is other evidence of harm to the child's welfare.
 I Criminal Child Abuse Law
Under the State criminal law it is a felony for a parent or "family member" of a child to cause abuse to the child. Annotated Code of Maryland, Article 27, § 35C(b). The term "family member" includes relatives by marriage, such as a stepparent. Article 27, § 35C(a)(4).
For purposes of this statute, a "child" is an individual under the age of 18. Nightingale v. State, 312 Md. 699, 703, 542 A.2d 373 (1988); see also Annotated Code of Maryland, Article 1, § 24 (designating 18 as age of majority); Annotated Code of Maryland, Courts Judicial Proceedings Article, § 3-801 (e) (defining "child" as a person under the age of 18 for purposes of the Juvenile Causes Act).
The statute defines "abuse" to mean physical injury to a child as a result of cruel treatment or a malicious act "under circumstances that indicate that the child's health or welfare is harmed or threatened." Article 27, § 35C(a)(2)(i). Alternatively, the term "abuse" also means sexual abuse, whether or not the child sustains physical injuries. Article 27, § 35C(a)(2)(ii).
The statute defines "sexual abuse" as follows:
 (i) "Sexual abuse" means any act that involves sexual molestation or exploitation of a child by a parent or other person who has permanent or temporary care or custody or responsibility for supervision of a child, or by any household or family member.
(ii) "Sexual abuse" includes, but is not limited to:
1. Incest, rape, or sexual offense in any degree;
2. Sodomy; and
3.Unnatural or perverted sexual practices.
Article 27, § 35C(a)(6).
As you note in your request, it is not a sexual offense for an adult to engage in consensual sexual intercourse with a biologically unrelated 16-year old child. Nor would such conduct come within the other illustrative examples of "sexual abuse" listed in the statute. Thus, consensual sexual intercourse between a stepparent and a 16-year old stepchild constitutes "sexual abuse" only if it is properly characterized as "sexual molestation or exploitation" of the child.
 II Analysis
The statutory definition of "sexual abuse" makes clear that neither physical injury nor coercion is a prerequisite to a finding of "sexual molestation or exploitation." Indeed, a number of the illustrative examples of sexual activity listed in the definition of sexual abuse could involve consensual sexual activity. For example, sexual intercourse between a biological parent and child, regardless of consent or of the child's age, would constitute child abuse since the definition of sexual abuse specifically includes incest. See also Article 27, § 335
(incest). In omitting physical injury or coercion as necessary elements of sexual abuse, "the legislature recognized the extensive emotional [and] psychological . . . damage that sexual abuse can cause a child." Degren v. State, 352 Md. 400, 421, 722 A.2d 887 (1999).
While some conduct that fits the definition of child abuse will also constitute other crimes (e.g., incest, a rape by a household member), nothing in the child abuse statute requires that the conduct necessarily also violate another criminal statute. Thus, the fact that an adult may engage in consensual sexual intercourse with an unrelated 16-year old child without committing a crime does not determine whether such conduct is "sexual molestation or exploitation" when a stepchild is involved.
In a child abuse prosecution, the relationship of the child to the defendant is a key element of the offense. The statute defines a crime that may only be committed by a class of persons with family or similar ties to the child, or with responsibility for the child. Cf. 82 Opinions of the Attorney General ___ (1997) [Opinion No. 97-017 (August 19, 1997)] (sexual contact between teacher and student constitutes child abuse only if it occurs during time that a teacher is responsible for supervision of the child). The focus of the statute is not only the conduct of the parties, but the relationship between them.
A stepparent does not necessarily stand in loco parentis to a stepchild, and therefore does not have the obligations of a biological parent to the child. See Warren v. Warren, 336 Md. 618, 628-31, 650 A.2d 252
(1994). On the other hand, the law recognizes that a stepparent may exercise some authority over a stepchild. Id.; Annotated Code of Maryland, Family Law Article, § 4-501 (b)(2).
The Court of Special Appeals has construed the term "exploitation" in the child abuse statute in the context of a relationship between a stepfather and a 12-year old stepdaughter. Brackins v. State,84 Md. App. 157, 578 A.2d 300 (1990). In that case, the stepfather unbuttoned the child's blouse in order to take a semi-nude photograph of her, which he immediately discarded. He appealed his subsequent conviction of child abuse on the ground that there was insufficient evidence of sexual exploitation.
The Court canvassed several dictionary definitions of "exploitation" and concluded that the term was satisfied because the defendant partially disrobed the girl for his own pleasure or gratification. "The State need only prove . . . that the [stepparent] took advantage of or unjustly or improperly used the child for his or her own benefit." 84 Md. App. at 302
(emphasis in original). While the child in Brackins was under 16, nothing in the court's decision suggests that a different result would obtain had the child been older. In reciting the elements of the offense, the court noted only that the offense had to involve an individual under the age of 18. 84 Md. App. at 164.
In our view, a stepparent who engages in sexual intercourse with a stepchild has improperly used the child for his or her own gratification. The consensual nature of the conduct does not negate the relationship of parental power and child dependency) a relationship that exists with a stepparent, as well as with a biological parent.[1] See Wilson, Children at Risk: The Sexual Exploitation of Female Children After Divorce, 86 Cornell L.Rev. 251, 277 (2001). Such conduct constitutes sexual exploitation, regardless of the age of the child.
You also asked whether there must be other evidence of harm to the child's welfare in order to sustain a charge of child abuse. As noted above, the statute defines "abuse" in the alternative. If a charge of abuse is based on physical injury to the child, there must be an indication of actual or threatened harm to the child's welfare. However, when the charge of child abuse is based on sexual abuse, there is no requirement that actual or potential harm to the child's welfare be proven aside from the sexual abuse itself.
 III Conclusion
In our opinion, a stepparent who has sexual intercourse with a minor stepchild commits child abuse, regardless of whether the minor consents to the sexual relationship or whether there is other evidence of harm to the child's welfare.
 J. Joseph Curran, Jr.Attorney General
 Robert N. McDonaldChief CounselOpinions Advice
[1] You have not asked, and we do not address, whether a consensual sexual relationship between another unrelated household member and a child over the age of 16 would always constitute "sexual exploitation." Cf. COMAR 07.02.07.12D (factors to be considered by local department of social services in determining whether "sexual act" by one child with another child should be classified as abuse).
 *Page 3